# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BUSY LIFE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAWTHORNE DIRECT LLC <br> D/B/A BITSANDPIECES.COM, <br><br> Defendant. | **COMPLAINT** <br><br> C.A. No. 13-CV-10390 <br><br> JURY TRIAL DEMANDED |

Plaintiff, Busy Life, LLC ("Plaintiff"), by its undersigned counsel, for its Complaint against Defendant, Hawthorne Direct LLC d/b/a bitsandpieces.com ("Defendant"), alleges as follows:

### The Parties

1. Plaintiff is a Utah limited liability company with a place of business at 596 E 1500 S, Kaysville, UT 84037-3031.

2. Defendant is a Delaware limited liability company registered to business in the Commonwealth of Massachusetts.

3. Defendant has a regular place of business at 990 Washington Street, Dedham, MA 02026.

### Nature Of Action

4. The action is for copyright infringement under United States copyright laws, 17 U.S.C. § 101 et seq.

### Jurisdiction And Venue

5. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 1338.

6. Personal jurisdiction is proper based on Defendant's regular place of business in Massachusetts and under Mass. Gen. Laws ch. 223A, § 3(a).

7. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## Facts

8. Plaintiff is exclusive licensee to the copyrights in certain original sculptural works in the form of playable sculptural games (the "Copyrighted Works").

9. The Copyrighted Works are sold under the trademark "Perplexus" in various models.

10. The Copyrighted works have been generally available to and accessible by the public at large since at least June, 2009.

11. The Copyrighted Works have received U.S. Copyright Registration No. VA1-715-731, effective February 18, 2010.

12. Defendant displays, offers for sale and sells playable sculptural games under the trademark "3D Puzzle Maze Ball." Elements of the 3D Puzzle Maze Ball are substantially similar and/or identical to elements of the Copyright Works. These elements comprise the creative expression of the Copyrighted Works, including *inter alia,* the three dimensional sculptural contours.

13. Upon learning of Defendant's activities, Plaintiff contacted Defendant by letter dated November 20, 2012, notifying Defendant of Plaintiff's copyright, informing Defendant that its 3D Puzzle Maze Ball infringed Defendant's copyright, and demanding that Defendant cease sale of its infringing product.

14. Through its legal counsel, Defendant responded on December 4, 2012, to Plaintiff's letter of November 30, 2012.  In its letter of December 4, Defendant asserted that it was not infringing any cognizable copyrights.

15. Defendant asserted in its letter of December 4, *inter alia,* that the playable sculptural game of the Copyrighted Work is a "useful article" under 17 U.S.C. § 101, and further "contains no pictorial, graphic, or sculptural features that exist separately from its utilitarian aspects," and thus was not subject to copyright protection.  Defendant's argument is frivolous on its face.

16. Defendant has refused to recognize Plaintiff's copyright and to cease infringing that right.

## Cause Of Action
## Copyright Infringement

17. Plaintiff incorporates by reference and realleges here the foregoing paragraphs.

18. Defendant has copied the constituent, original elements of the Copyrighted Works.

19. As a result of the foregoing copying, Defendant has infringed and continues to infringe on Defendant's copyright under 17 U.S.C. § 501.

20. Defendant's infringement has been knowing, intentional and in willful disregard for Plaintiff's rights.

21. Defendant has been and continues to be harmed by such infringement.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor Plaintiff:

      a.      awarding damages to Plaintiff for Defendant's infringement pursuant to 17 U.S.C. § 504;

      b.      awarding Plaintiff its costs and attorney's fees pursuant to 17 U.S.C. § 505;

      c.      ordering the destruction of infringing articles pursuant to 17 U.S.C. § 503;

      d.      permanently enjoining further infringement by Defendant pursuant to 17 U.S.C. § 502; and

      e.      providing all other equitable relief that the Court deems just and proper.

The allegations in this complaint have evidentiary support known to Plaintiff and/or will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

Dated: February 26, 2013

Plaintiff Busy Life, LLC
by its attorneys,

/s/ Adam P. Samansky
Adam P. Samansky (BBO #661123)
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA  02199
Phone:  617.517.5550
Fax:     888.325.6566
asamansky@edwardswildman.com

Jeffrey Sonnabend (*to be admitted pro hac vice*)
SonnabendLaw
600 Prospect Avenue
Brooklyn, NY 11215-6012
718-832-8810
JSonnabend@SonnabendLaw.com